UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GREGORY McKINNEY
    Plaintiff,

v.

RUTHERFORD COUNTY A.D.C.,
et al.
    Defendants.[1]

No. 3 09 0238
(No. 3:09-mc-0026)
Judge Campbell

MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Rutherford County Adult Detention Center and Truman Jones, Sheriff of Rutherford County, seeking injunctive relief and damages.

The plaintiff challenges several conditions of his confinement. For example, he complains about his housing situation, his inability to hold a job at the jail, no access to the law library and the prices at the commissary. In addition, he alleges

---

[1] In the style of the case, the Rutherford County Adult Detention Center is named as the sole defendant. However, in the body of the complaint, Truman Jones is designated as the defendant. Docket Entry No. 1 at pg. 4. Therefore, out of an abundance of caution, the Court shall treat both the Adult Detention Center and Truman Jones as defendants.

1

that the environmental controls to his housing unit do not operate properly, that the food is cold and lacks sufficient nutritional value, that he is not given free medical care for his diabetes, and that there are holes in the wall of every cell.

This action is being brought against Truman Jones in his official capacity only. As such, the plaintiff is suing Sheriff Jones' official office rather than the individual himself. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). In essence, then, the plaintiff's claims against Sheriff Jones are claims against Rutherford County, the municipal entity that operates the Detention Center. See Kentucky v. Graham, 473 U.S. 159 (1985)

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent, the Rutherford County Sheriff's Department. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Rutherford

2

County. Consequently, the plaintiff has failed to state a claim against Sheriff Jones acting in his official capacity.

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); Marbry v. Correctional Medical Service, No. 99-6706, 2000 U.S. App. LEXIS 28072 (6th Cir.;11/6/00). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Rutherford County, the entity responsible for the operation of the Adult Detention Center. However, as noted above, the plaintiff has failed to allege a claim of governmental liability. As a consequence, the complains does not contain a claim upon which relief can be granted.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge

3